**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TYRONE MOSS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-22-2300** |
| **DIRECTOR GAIL WATTS and OFFICER IJIWOLE,** | * | |
| | * | |
| **Defendants.** | | |

## MEMORANDUM

Self-represented plaintiff Tyrone Moss, currently incarcerated at Baltimore County Detention Center, filed suit for damages pursuant to 42 U.S.C. § 1983 against Director Gail Watts and Officer Ijiwole. ECF 1. Moss alleges that, on or about June 18, 2022, Officer Ijiwole opened his cell door to allow other inmates to enter, and the inmates stabbed, assaulted, and stomped on him, causing him severe bodily injuries. *Id*. at 2; ECF 12 (supp. correcting date of assault). The defendants moved to dismiss the complaint because Moss has not exhausted his administrative remedies, he has failed to state a claim, and they are entitled to qualified immunity. ECF 13, 13-1. Moss filed correspondence arguing that the defendants' motion should not be granted, which the Court construes as an opposition. ECF 18, 19. No hearing on the motion is necessary. *See* Loc. R. 105.6. For the reasons stated below, the defendants' motion is denied. Also pending is Moss's motion for appointment of counsel, ECF 9, which is granted.

## I. Background

Moss alleges that, on or about June 18, 2022, he was stabbed, assaulted, and stomped on by several other inmates after Officer Ijiwole opened the door to his cell and allowed the inmates to enter. ECF 1, at 2; ECF 12. He was speaking with someone inside his cell when he was attacked

from behind by several inmates, who beat him with a plastic food tray. ECF 1, at 4. He recalls realizing his forehead was "busted open and blood was leaking constantly" and that he was feeling lightheaded and losing his vision. *Id*. The last thing he remembers before passing out was trying to ask someone to get a tier officer. *Id*. He did not wake up until after he had been hospitalized for two days. *Id*. When at the hospital, he was continuously on medication and does not remember the "hospital process." *Id*. The complaint, which inmate Terrence Hammock drafted and Moss signed, states that Hammock believes that the incident caused Moss to be brain damaged and that "now his mind is like a 5 year old kid." *Id*. at 1, 7. Moss lost parts of his memory due to the severity of the assault and has limited memory of what happened. ECF 1, at 3. Moss alleges that, before the assault, he had "multiple altercations with inmates to the point [he] let the floor officer and officer working inside the bubble at the time [know about the altercations] but they [decided that] since [he] wasn't in a physical altercation at the time, [i]t wasn't that important." *Id*. at 3. Moss also alleges that the tier where the incident occurred, Unit 3C, is particularly dangerous because the cells lack an emergency button. *Id*. at 7.

## II. Standard of Review

The defendants move to dismiss the complaint for failure to state a claim. Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the plaintiff must have pleaded facts demonstrating he has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted

unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). On a Rule 12(b)(6) motion, the Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438

F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, at 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

**III. Discussion**

**A. Exhaustion**

The defendants assert that Moss's complaint should be dismissed because he failed to exhaust his administrative remedies. ECF 13-1, at 4. The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under § 1997e(a) is mandatory, and therefore the plaintiff must exhaust his available administrative remedies before this Court will hear his claim. *See Ross v. Blake*, 578 U.S. 632 (2016); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005).

An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 635–36. The Court will not dismiss a claim as unexhausted "if a prisoner, through no fault of his own, was prevented from availing himself of [an administrative remedy]." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). "The Supreme Court has identified certain circumstances in which an official grievance policy is not 'capable of use' in this sense," including "situations in which officials 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Moss v. Harwood*, 19 F.4th 614, 621 (4th Cir. 2021) (quoting *Ross*, 578 U.S. at 644). "[F]ailure to exhaust available administrative remedies is

an affirmative defense, not a jurisdictional requirement, and thus inmates need not plead exhaustion, nor do they bear the burden of proving it." *Moore*, 517 F.3d at 725 (citing *Jones v. Bock*, 549 U.S. 199, 210–24 (2007)). The Court will dismiss a complaint for failure to exhaust only if "the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

In Moss's complaint, he checked the box on the form indicating that he did not file a grievance as required by the prison's administrative remedy procedure. ECF 1, at 2. This concession, according to the defendants, establishes Moss has not exhausted his administrative remedies. But the defendants ignore the other allegations in his complaint that suggest he could not timely file a grievance because he was unconscious in the hospital after the assault for at least two days, has limited memory of the assault, and is possibly "brain damaged." ECF 1. They also ignore the fact that Moss states in his complaint that another inmate had to draft the complaint for him because Moss's "mind is like a 5 year old kid." ECF 1, at 7. The Court cannot determine, on the face of the complaint, that Moss failed to exhaust his administrative remedies.

The defendants' motion to dismiss the complaint for failure to exhaust administrative remedies is denied.

**B. Failure to State a Claim**

The defendants assert that Moss has not stated a constitutional claim that they were deliberately indifferent to a substantial risk of serious harm. ECF 13-1, at 4. "The Eighth Amendment protects prisoners from 'unnecessary and wanton infliction of pain.'" *Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)). Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 319–20

(1986)). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The protections afforded convicted prisoners under the Eighth Amendment extend to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)). Accordingly, the deliberate indifference standard applies "where prison officials are accused of deliberate indifference to a substantial risk of serious harm to prison inmates" or pretrial detainees. *See Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (citing *Young*, 238 F.3d at 575). To prevail on a claim for failure to protect from attack by another inmate or detainee, a plaintiff must show that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must both [have been] aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] drawn the inference." *Farmer*, 511 U.S. at 837–38; *see also Thompson*, 878 F.3d at 97–98.

The defendants argue that Moss's claim fails because he did not allege that they knew about any specific threat against him, and that at most, they were negligent. ECF No. 13-1, at 4–5. The Court disagrees. Moss alleges that, before the attack, he had repeatedly complained to the floor officer about multiple altercations between himself and other inmates. ECF 1, at 3. Additionally, Moss alleges that Officer Ijiwole "open[ed] up his door for the other inmates to enter his cell." ECF 1, at 2. Further, he alleges that the inmate handbook states that "no inmates are to enter another inmate's cell or they will receive an infraction and all officers must protect all inmates from the assault of other inmates." *Id*. at 6. Finally, he alleges that he endured a severe beating by numerous inmates and does not recall anyone coming to his assistance before he passed out.

Accepting his allegations as true, the Court finds that Moss has alleged that Officer Ijiwole purposefully, and in violation of safety regulations, allowed several inmates into his cell so that they could assault him and that Officer Ijiwole did not respond to Moss's calls for help. Moss states a claim of deliberate indifference to a risk of serious harm against Officer Ijiwole.

As to Director Watts, Moss alleges that she was deliberately indifferent to a risk of serious harm to him because the cells on Unit 3C did not have emergency buttons, which made them particularly dangerous for inmates. ECF 1, at 7. Even when the Court construes his complaint liberally and in the light most favorable to him, Moss has not sufficiently alleged that Director Watts knew that having cells without emergency buttons was likely to result in serious physical injury to him. The claim against Director Watts is dismissed without prejudice.

**C. Qualified Immunity**

The defendants assert that they are entitled to qualified immunity for their actions based on Moss's failure to state a constitutional claim. ECF 13-1, at 5. Qualified immunity is an affirmative defense to § 1983 claims that "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To determine whether a defendant is entitled to qualified immunity," courts ask two questions: "(1) Has the plaintiff alleged a violation of a federal right? (2) Was the right at issue clearly established at the time of the alleged violation?" *Burns-Fisher v. Romero-Lehrer*, 57 F.4th 421, 424 (4th Cir. 2023) (quoting *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019)). The Court may address either question first, and a "defendant official is entitled to qualified immunity if either prong is not satisfied." *Williamson v. Stirling*, 912 F.3d 154, 186 (4th Cir. 2018) (quoting *Pearson*, 555 U.S. at 236). Moss has alleged a violation

of his constitutional rights, and his claim will not be dismissed on qualified immunity grounds at this juncture. *See Pearson*, 555 U.S. at 232.

## IV. Conclusion

Moss has adequately alleged a constitutional claim under § 1983 against Officer Ijiwole. The defendants' motion to dismiss is denied as to the claim against Officer Ijiwole and granted as to the claim against Director Watts, which is dismissed without prejudice. Moss's motion for appointment of counsel is granted. A separate Order follows.

July 27, 2023
Date

Deborah L. Boardman
United States District Judge